unsealed
6/29/2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF WI
**SEALED**
2018 JUN 26 P 5:10
STEPHEN C. DRIES
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

**18-CR-145**

Case No. 18-CR-

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(c) and 846; 18 U.SC. § 2]

LISA HOFSCHULZ and
ROBERT HOFSCHULZ,

Defendants.

---

## INDICTMENT

**THE GRAND JURY CHARGES:**

### Allegations Common to All Counts

1. At all times relevant to this indictment:

a. The defendant, Lisa Hofschulz, was an Advanced Practice Nurse Practitioner licensed in the State of Wisconsin.

b. Beginning in December 2014, Lisa Hofschulz owned and operated a medical clinic called Clinical Pain Consultants ("CPC").

c. Lisa Hofschulz possessed a registration with the United States Drug Enforcement Administration ("DEA") that authorized her to prescribe, administer, dispense, and distribute

1

controlled substances, including the following:

      i. Oxycodone, a Schedule II controlled substance;

      ii. Morphine, a Schedule II controlled substance;

      iii. Fentanyl, a Schedule II controlled substance;

      iv. Methadone, a Schedule II controlled substance;

      v. Lorazepam, a Schedule IV controlled substance; and

      vi. Adderall, a Schedule IV controlled substance.

    d. As a DEA registrant, Hofschulz was permitted to prescribe, administer, dispense, and distribute controlled substances only for a legitimate medical purpose within the scope of her professional practice.

    e. The term "dispense" includes issuing a prescription for a controlled substance.

    f. Robert Hofschulz was not a licensed prescriber and did not possess a DEA registration that allowed him to prescribe, administer, dispense, and distribute controlled substances.

2

## COUNT ONE

**THE GRAND JURY FURTHER CHARGES:**

1. Beginning by at least January 2015 and continuing through at least December 2016, in the State and Eastern District of Wisconsin,

**LISA HOFSCHULZ and
ROBERT HOFSCHULZ**

knowingly and intentionally conspired with each other, and persons known and unknown to the grand jury, to distribute controlled substances, including Oxycodone and Methadone, both Schedule II controlled substances, outside of a professional medical practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

2. As part of the conspiracy:

a. Lisa Hofschulz founded "CPC" in August 2014. Robert Hofschulz first received a payment from CPC on December 16, 2014. He became CPC's registered agent on December 23, 2014. Lisa Hofschulz was the primary prescriber at CPC from its founding through 2016.

b. CPC did not accept any type of insurance for office visits. Patients primarily paid for office visits in cash from CPC's founding through fall 2017 when CPC began regularly accepting payments from credit cards.

   i. In 2015, over $800,000 in cash was deposited into CPC's primary business account.

   ii. In 2016, over $1,000,000 in cash was deposited into CPC's primary business account.

c. CPC was able to receive this amount of cash because its prescribers (primarily Lisa

3

Hofschulz) prescribed excessive dosages of controlled substances outside of a professional medical practice and not for a legitimate medical purpose especially oxycodone and methadone.

    d.    Lisa and Robert Hofschulz hired other prescribers to prescribe in a manner similar to Lisa Hofschulz. In order to accomplish this part of the conspiracy, they:

        i.    Hired nurse practitioners who were newly graduated or who had minimal pain management experience.

        ii.    Failed to provide adequate training for these inexperienced nurse practitioners and instead pressured them to continue prescribing in dosages similar to those prescribed by Lisa Hofschulz.

        iii.    Provided no written policies.

        iv.    Failed to provide a (legally required) collaborative physician for much of the time period covered by the conspiracy.

        v.    Overruled prescribers when they discharged patients or lowered dosages.

    e.    Lisa and Robert Hofschulz also directed an individual not authorized to issue prescriptions (Registered Nurse) to distribute prescriptions to customers when authorized prescribers refused.

    f.    For favored customers, Lisa Hofschulz would mail controlled substance prescriptions or allow them to pick up controlled substance prescriptions from the front desk of CPC without being seen by Hofschulz or any other authorized prescribers.

    3.    Through this conspiracy, Lisa and Robert Hofschulz caused an enormous amount of opioids to be distributed throughout Wisconsin. As a result, Lisa and Robert Hofschulz fueled opioid addictions in numerous individuals, while collecting huge sums of cash for themselves.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

5

## COUNTS TWO THROUGH FOURTEEN

**THE GRAND JURY FURTHER CHARGES:**

On or about the dates listed below, in the State and Eastern District of Wisconsin, the below-named defendants knowingly and intentionally distributed and dispensed unlawfully the controlled substances listed, to the patient listed, outside of a professional medical practice and not for a legitimate medical purpose.

| Count | Date | Patient | Prescription Drug(s) | Defendant(s) |
|---|---|---|---|---|
| Two | July 29, 2015 | C.W. | 120 Oxycodone 10 mg tablets. | Lisa Hofschulz |
| Three | August 3, 2015 | R.Z. | 150 Oxycodone 30 mg tablets. | Lisa Hofschulz |
| Four | August 12, 2015 | C.W. | 120 Oxycodone 30 mg tablets; 90 Methadone 10 mg tablets. | Lisa Hofschulz |
| Five | September 3, 2015 | C.W. | 150 Oxycodone 30 mg tablets; 120 Methadone 10 mg tablets. | Lisa Hofschulz |
| Six | January 25, 2016 | R.Z. | 210 Oxycodone 30 mg tablets; 120 Methadone 10mg. | Lisa Hofschulz |
| Seven | February 16, 2016 | R.Z. | 180 Oxycodone 30 mg; 120 methadone 10 mg. | Lisa Hofschulz |
| Eight | July 19, 2016 | K.K. | 180 Oxycodone 30 mg tablets; 180 methadone 10 mg tablets; 60 Adderall 20 mg tablets; and 30 Adderall 30 mg tablets. | Lisa Hofschulz and Robert Hofschulz |
| Nine | July 20, 2016 | C.H. | 150 oxycodone 30 mg tablets; 150 methadone 10 mg tablets. | Lisa Hofschulz and Robert Hofschulz |
| Ten | July 20, 2016 | R.M. | 180 oxycodone 10 mg tablets; 180 oxycodone 20 mg tablets; 60 morphine sulfate 15 mg pills. | Lisa Hofschulz |

6

Case 2:18-cr-00145-PP   Filed 06/26/18   Page 6 of 8   Document 1-3

| Count | Date | Patient | Prescription Drug(s) | Defendant(s) |
|---|---|---|---|---|
| Eleven | July 27, 2016 | I.M. | 150 oxycodone 30mg tablets; 15 12mcg/hr Fentanyl patches. | Lisa Hofschulz and Robert Hofschulz |
| Twelve | July 27, 2016 | P.G. | 180 Oxycodone 30 mg tablets; 180 methadone 10 mg tablets. | Lisa Hofschulz and Robert Hofschulz |
| Thirteen | August 29, 2016 | I.M. | 150 oxycodone 30 mg tablets; 15 12mcg/hr Fentanyl patches. | Lisa Hofschulz |
| Fourteen | November 14, 2016 | A.T. | 150 Oxycodone 30 mg tablets; 60 Oxycontin 60 mg tablets. | Lisa Hofschulz |

Each in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

Case 2:18-cr-00145-PP   Filed 06/26/18   Page 7 of 8   Document 1-3

## FORFEITURE NOTICE

1. Upon conviction of the controlled substance offense alleged in Count One of this Indictment, the defendants, Lisa Hofschulz and Robert Hofschulz, shall forfeit to the United States, pursuant to Title 21 United States Code, Section 853, any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the violation and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation, including but not limited to a sum of money equal to the amount of proceeds obtained as a result of the offense.

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

FOREPERSON

Date: June 26, 2018

MATTHEW D. KRUEGER
United States Attorney

8