UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

          Plaintiff,

v.

          Case No. 18-cr-145-pp

LISA HOFSCHULZ,

          Defendant.

_____

**ORDER DENYING AS UNNECESSARY MOTION TO CONTINUE HEARING (DKT. NO. 63), DEFERRING RULING ON MOTION TO SUBSTITUTE COUNSEL (DKT. NO. 60) AND REQUIRING DEFENDANT TO CONFIRM INTENT TO RETAIN ATTORNEY BRINDLEY GIVEN COURT'S GUIDANCE ON TRIAL DATE**

_____

      The defendant was indicted almost sixteen months ago. At the time of her arraignment, she was represented by Attorney Brent Nistler. Dkt. No. 6. About four and a half months later, Attorney Ronald W. Chapman, II of Troy, Michigan filed a notice of appearance on the defendant's behalf. Dkt. No. 19. Despite extensions of the deadline for filing pretrial motions, the defendant did not file any, and on January 31, 2019, the court sent out its criminal pretrial order ahead of the jury trial scheduled for October 7, 2019. Dkt. No. 28. In late February, the grand jury returned a superseding indictment, dkt. no. 29, but the trial date of October 7, 2019—over fifteen months post-indictment— remained on the calendar. Following the superseding indictment, the defendant filed a motion to suppress, dkt. no. 33, which Judge Duffin recommended this court deny, dkt. no. 37. The defendant objected to that recommendation, dkt.

1

no. 42, but this court overruled the objection and granted the motion to suppress, dkt. no. 44. Two weeks later, Attorney Chapman moved to withdraw as counsel, citing an irrevocable breakdown in the attorney-client relationship. Dkt. No. 45. Attorney Chapman represented in his motion that the defendant wanted to continue with Attorney Nistler, and that Attorney Nistler had no objection. Id. at 2.

Attorney Chapman filed that motion on August 2, 2019—approximately two months before trial. Just under three weeks later, on August 20, 2019, Attorney James F. Cirincione filed a notice of appearance. Dkt. No. 50. At that point, trial was a month and a half away. Attorney Cirincione had been a law clerk for the undersigned; under some circumstances, depending on a particular judge's policies, a former law clerk's appearance on a case might require the judge to recuse him- or herself. The undersigned has a policy of refraining from hearing cases involving former law clerks for a period of two years after their clerkships end; more than two years had passed since Attorney Cirincione completed his clerkship, so the policy did not require the undersigned to recuse upon his appearance.

On September 18, 2019, just over two weeks from the date trial was to start, Attorneys Nistler and Cirincione filed a motion to adjourn the trial. Dkt. No. 58. The motion was somewhat vague—it indicated that the defense expert would be unable to testify and the defense needed time to find a new one, and that the defense recently had received a large volume of documents it needed to review. Id. The defense noted that the government opposed the motion. Id. at 2.

2

The court held a hearing on the same day. Dkt. No. 59. At that hearing, the government vehemently opposed the motion, based not only on the extensive preparation it already had done, but on the fact that it had earlier suggested—perhaps even requested—an adjournment to which the defendant refused to agree. The government expressed concern that the motion to adjourn didn't really explain why the defense expert wasn't available, hinted that perhaps Attorney Cirincione's appearance had been designed to obtain an adjournment through forcing the court to recuse and pointed out that the documents it had recently produced were produced as a courtesy. Id. The defense indicated its willingness to share the reason for the expert's unavailability *ex parte*. Attorney Nistler also argued that Attorney Cirincione was on the case for no other reasons than that Attorney Nistler needed help with the case once Attorney Chapman withdrew, and Attorney Cirincione was new to the firm and had availability. The court cleared the courtroom and heard from defense counsel *ex parte* about the reason for the expert's unavailability, then reluctantly granted the motion to adjourn the trial. Id. The court rescheduled the final pretrial conference for January 31, 2020 and the trial for February 18, 2020. Id. at 2.

*Nine days later*, Attorneys Beau Brindley and Michael J. Thompson of Chicago filed a motion to substitute as counsel. Dkt. No. 60. The government responded that it had no objection to the substitution, as long as it wouldn't result in a delay of the February 2020 trial. Dkt. No. 61. Attorney Brindley responded that he was scheduled to start a two-week, multi-defendant trial in

3

the Northern District of Illinois on February 10, 2020. Dkt. No. 62. He also asserted that as part of her Sixth Amendment right to counsel, the defendant had a right to counsel of her choice, and that this court was required to grant reasonable continuances to allow chosen counsel to appear. Id. at 1-2. He argued that "insisting on the previously-scheduled trial date to prevent substitution of counsel would effectively render [the defendant] unable to obtain representation from her counsel of choice." Id. at 3.

The court scheduled a hearing for today—October 15, 2019—because of its concerns with the fact that apparently days after the court granted the adjournment the defendant sought, the defendant switched lawyers, choosing a lawyer who asserts that his schedule will not accommodate the trial date the court had set days earlier. On Friday, that counsel filed a motion asking to adjourn *today's* hearing, indicating that he would be in trial in Cook County and asking the court to adjourn the hearing to October 25, 2019. Dkt. No. 63.

The court will remove today's hearing from the calendar. It will not, however, reschedule the hearing. The court is not available on October 25; the court has criminal jury trials scheduled every week through November 25, with the exception of one week when the court is in Washington on business.

As for the defendant's motion to substitute counsel, the court will defer ruling on that motion. Attorney Brindley is correct that part of a defendant's Sixth Amendment right to counsel is the right to be represented by her counsel of choice. But "[t]he right to counsel of one's choice does not include a lawyer whose other commitments preclude compliance with a court's reasonable

4

scheduling of its cases." United States v. Delia, 925 F.2d 574, 575 (2d Cir. 1991). "'[T]he right to choose one's own counsel is circumscribed in several important respects,' *Wheat v. United States*, 486 U.S. 153 . . . (1988), and 'must at times give way to the need for the fair and efficient administration of justice,' *United States v. Cicale*, 691 F.2d 95, 106 (2d Cir. 1982), *cert. denied*, 460 U.S. 1082 . . . (1983)." United States v. Scopo, 860 F.2d 339, 344 (2d Cir. 1988), *cert. denied*, 490 U.S. 1048 (1989). See also, United States v. Hanhardt, 155 F. Supp. 2d 861, 868 (N.D. Ill. 2001). As the Supreme Court has said,

> The defendant's interest in preserving his relationship with a particular attorney is not afforded absolute protection. If the attorney is likely to be unavailable for an extended period, or if other factors exist that tip the balance in favor of proceeding in spite of a particular attorney's absence, the defendant's motion for a continuance may clearly be denied.

Morris v. Slappy, 461 U.S. 1, 25 (1983).

The defendant has not specifically asked for a continuance of the February 2020 trial date. Instead, she has asked to change lawyers, has selected a lawyer who is not available on February 18, 2020 and has argued that her constitutional right to the lawyer of her choice requires the court to accommodate that lawyer's schedule.

Effectively, Attorney Brindley would be the defendant's third lawyer in fifteen months. Attorney Chapman withdrew, leaving the defendant (with her consent) with Attorney Nistler. Now she wants to replace Attorney Nistler with Attorney Brindley. She makes this request nine days after the court spent some time discussing with the lawyers the government's desire to retain the October 7, 2019 trial date and the government's concern that Attorney Cirincione may

5

have been added to the defendant's trial team for the purpose of creating delay by causing the court to recuse itself. The court adjourned the case reluctantly, solely because of its concern that the defendant would be denied her right to present a defense if it did not do so. The court adjourned the case for a longer period than the government wanted, because the court's schedule is so jammed that February 18, 2020 was the first date it had available for a trial of the length the parties anticipate.

The Eastern District of Wisconsin has four district judge positions and three magistrate judge positions in the Milwaukee Division. For over three years, there have been only three district court judges for those four positions (due to the passing of Judge Randa) and for the foreseeable future, the court will have only two magistrate judges for the three positions (due to the resignation of Judge Jones). The undersigned has over 500 civil cases pending, and has criminal trials scheduled through the end of December except for one week of business travel in November. The court also has trials scheduled through March 2020. The court had set aside time in October for this trial, during which it was not able to schedule a multitude of other hearings that it can't schedule in the remainder of October—or November or December—due to its trial schedule. The court has protected the February 18, 2020 trial date and has scheduled no other hearings during time, even though that means scheduling sentencing hearings into May and June.

The court will not adjourn the February 2020 trial date. The court will defer ruling on the defendant's motion to substitute counsel, so that she can

6

consider whether she wants to retain Attorney Brindley, knowing that he is unavailable on that trial date. If the defendant wants Attorney Brindley to represent her, that is her choice, but if that is the choice she makes, Attorney Brindley should be prepared to proceed to trial on February 18, 2020.

The court **DENIES** the defendant's motion to continue the hearing scheduled for October 15, 2019 at 3:00 p.m.

The court **REMOVES** the October 15, 2019 3:00 p.m. hearing from the hearing calendar. The court will not schedule another hearing.

The court **DEFERS RULING** on the defendant's motion to substitute counsel. Dkt. No. 60.

The court **ORDERS** that by the end of the day on **Friday, October 25, 2019**, the defendant must either confirm that she wishes Attorney Brindley to substitute as counsel (and thus confirm that Attorney Brindley will be available and ready to proceed to trial on February 18, 2020), or indicate that she wishes to proceed with Attorney Nistler or make some other arrangements for a lawyer to represent her at the February 18, 2020 trial.

Dated in Milwaukee, Wisconsin this 15th day of October, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**

7

Case 2:18-cr-00145-PP   Filed 10/15/19   Page 7 of 7   Document 64