UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 18 CR 145 |
| vs. | ) | |
| | ) | |
| LISA HOFSCHULZ | ) | |

## **MOTION TO CONTINUE**

Comes now defendant LISA HOFSCHULZ, by and through attorney Beau B. Brindley, and hereby moves the court to continue the trial scheduled for February18, 2020. In support, he states as follows:

Trial in this matter is presently scheduled for February 18, 2020. On October 15, 2019, this Court entered an order requiring counsel to advise whether it could accommodate the February 18, 2020 trial date. On October 21, 2019, the undersigned indicated that he could be prepared for trial at that time. At that time, counsel had a trial set for February 10, 2020, which was a potential obstacle. This was *U.S. v. Ferguson* (18 CR 734) in the Northern District of Illinois. That trial was continued as the undersigned expected it could be. Hence, the undersigned's schedule was cleared of the only issue about which he was aware that could interfere with this case.

As of October 21, 2019, when he agreed that he could accommodate this Court's scheduled trial date, the undersigned was scheduled to conduct trial in *U.S. v. Burris* (17 CR 95) on November 12, 2019, in the Eastern District of Missouri. He was subsequently scheduled to conduct trial in *U.S. v. Frank Purpera (18 CR 19)* on January 21, 2020, in the Western District of Virginia for what was expected to be four or five trial days. This left ample time to be prepared for trial in the instant case on February 18, 2020. This was the situation as of October 21, 2019. However, since that time, a number of matters

1

wholly outside the undersigned's control have combined to change the situation considerably.

On October 28, 2019, the government in the *Burris* case disclosed a substantial new cooperating witness that significantly changed the landscape of the case. This disclosure came approximately a week before the scheduled trial. On October 30, 2019, the undersigned moved to continue that trial in order to investigate the claims of the new witness and present additional defense evidence. None of this was foreseeable to the undersigned or known to the undersigned as of October 21, 2019, when he filed a status report in this case. The Court in St. Louis therefore reset the trial for January 13, 2020. There was a possible conflict between the *Burris* case and the *Purpera* case, but that was something to be worked out between counsel and those two judges. With the *Purpera* trial ending around January 28, 2020, there was ample time to prepare for this case on February 18, 2020.

After a series of motions to continue due to issues related to a defense witness in the *Burris* case, a motion to continue was ultimately filed due to a surgical procedure that had to be undergone by counsel for the co-defendant in the *Burris* case. On January 3, 2020, the Court granted the motion to continue based on the surgical needs of co-counsel. He set trial in the *Burris* case for January 21, 2020. This was a direct conflict with the *Purpera* trial in the Western District of Virginia. Despite needing a continuance for his counsel's surgery, the codefendant would not waive his speedy trial rights beyond February 3, 2020. The undersigned's client entered a broad waiver of his speedy trial rights and the undersigned requested a March trial date. Because of a direct conflict between these two trial dates, and because the *Purpera* trial had been scheduled long

before, the undersigned filed a motion to continue the *Burris* trial. The two judges entered into consultation about the issue. Following that consultation, on January 8, 2020, the Court in the *Burris* case continued the trial to February 3, 2020. None of this was at all within the control of the undersigned. He specifically requested a March trial date. Moreover, the eleventh hour disclosure of a witness and the need for a co-defendant's attorney to have surgery were neither foreseeable nor within the control of the undersigned. With the speedy trial demand of an in custody defendant (the co-defendant in *Burris*), there is nothing the undersigned can do to change the February 3, 2020 trial date in that case. That trial is set for two weeks

In light of all of this litigation and shifting trial scheduling, it was essential for the undersigned to be able to conduct certain preparation for this trial and the *Purpera* trial simultaneously during the week of January 6, 2020. That was a critical week in light of the scheduling issues confronting counsel. As a point of background, the undersigned's wife suffers from significant depression and anxiety issues. Critical to her treatment was the use of a certified emotional support animal, which she has been working with for the last 14 years. The animal in question was a Schnauzer named Rocko. Rocko was a beloved member of the undersigned's household and an essential part of his wife's treatment and well-being. On January 6, 2020, following a telephone conference with the Court in Virginia, Rocko collapsed at the undersigned's home. After treatment from a concierge veterinarian at the undersigned's home, the undersigned and his wife took Rocko to the Medvet emergency animal hospital in Chicago. After evaluation from emergency staff, it was determined that Rocko was suffering from massive internal bleeding and had almost no blood pressure. He was put on I.V. treatment to keep him

3

alive and it was determined that a massive cyst on his kidney had burst, causing the bleeding.

Due the cyst and the bleeding, the only means of survival required a high-risk emergency surgery to remove his damaged kidney and stop the bleeding. A special surgical team had to be summoned to conduct the surgery. This process took the entirety of the day and into the evening on January 6, 2020. Late in the evening on January 6, the undersigned and his wife learned that the surgery was a success and Rocko had survived. However, the determination of whether he would be able to recover required significant hospitalization.

Rocko remained hospitalized for the remainder of the week. He underwent multiple procedures including a blood transfusion and repeated evaluations by a neurologist regarding the risk of blood clot and stroke during the recovery in the hospital. During this entire process, the undersigned and his wife had to be at the hospital repeatedly each day. From January 7 to January 12, 2020, the undersigned spent more than four hours per day physically at the hospital, and significant additional time supporting his wife, who was psychologically traumatized by the entire experience. Consultations with her therapist were ongoing throughout the week as we dealt with the issue as best we could.

After remarkable improvement and what appeared to be a likely release from the hospital, on January 10, 2020, Rocko suffered multiple strokes. This development was particularly devastating given the improvement that had been seen. Rocko had recovered from a prior stroke successfully in the past. Thus, it was still hoped that he would recover. After a day of initial improvement, Rocko suffered a blood clot to the lungs on

January 12, 2020. That day, after a long and traumatizing struggle, the decision to euthanize was made by the undersigned and his wife.[1] This was an emotionally devastating experience to both the undersigned and his wife. Moreover, given her depression and anxiety conditions, the loss of her longtime support animal was even more traumatic to her. During the week when Rocko was hospitalized, the undersigned and his wife had to go to the emergency room at Northwestern Hospital due to chest pains she was experiencing in the midst of the stress of the entire experience.[2]

Obviously, this week-long struggle with the hospitalization of a longtime member of his household and essential element of his life, was outside the control or knowledge of the undersigned. However, an entire week of preparation time was lost to this traumatic issue. All of that could not be predicted. Without that week of preparation time, the possibility to somehow conduct three back-back federal jury trials no longer existed.

Immediately following the loss of Rocko, the undersigned had to travel to Virginia to meet with his incarcerated client in the *Purpera* case. In order to manage his wife's condition, which was dire in light of the loss of Rocko, the undersigned had to repeatedly fly back and forth from Virginia to Chicago to prepare with Dr. Purpera. This made it impossible to somehow prepare for this case or the *Burris* case at the same time. On January 19, 2020, he traveled to Virginia to conduct the trial. In order to manage his

---

[1] A copy of the medical bills associated with his treatment are available if the Court wishes to review them.
[2] A copy of the report from that E.R. visit could also be provided if requested by the Court.

wife's condition in his absence, her mother had to fly in from Utah to stay with her while the trial was ongoing.

In light of the lost week of preparation, the undersigned's working days during the *Purpera* trial were grueling. The undersigned and his trial partner worked 14 to 17 hour days throughout the entirety of the proceeding. The trial, which had been hoped to be 4 or 5 trial days lasted for a full 7. The undersigned arrived back in the office on January 30, 2020. His wife's mother had to return to Utah to get back to work.

At this point, the undersigned is emotionally and physically exhausted from the events of January 6 to January 30, 2020. The prospect of trying the *Burris* case, which is a substantial narcotics conspiracy case (much less complex than either this one or the Purpera case) is already overwhelming. His wife's condition remains dire and she needs constant monitoring and support. In order to deal with the upcoming trial in St. Louis, her sister is flying in from Texas. She has no family in the Chicago area. A letter from her therapist regarding the need for support and present family can be provided for the Court if needed.

Given the events outside the undersigned's control, which have eliminated all of the preparation time he had planned for this case, it will be impossible to answer ready for trial on February 18, 2020. There is no sense in which effective assistance of counsel could be provided under these circumstances. Moreover, the undersigned has no more family to call on to monitor his wife between February 18 and the end of the trial. They have already exhausted those options. And, as her therapist sees this as a critical time period, the undersigned cannot be away for a third trial in a row.

Given that changes in the Court schedule beyond the undersigned's control have placed a two-week trial starting on February 3, 2020, after the January 21, 2020 trial that just concluded, it is not remotely possible to be prepared to conduct this trial on February 18, 2020. A continuance is required. The undersigned arranged his schedule to accommodate this trial. However, a conflagration of circumstances outside of his control have made it the case that he cannot be prepared by February 18, 2020. A continuance to March 30, 2020 or a date thereafter that is convenient for the Court will allow the undersigned to be adequately prepared to try this case and will allow for his wife's condition to improve and/or to make other arrangement for her to be monitored while he is away from home.

The undersigned apologizes sincerely to the Court for having to make this request. It had always been the undersigned's intention to conduct this trial as scheduled when he told the Court he was able to do so. The undersigned is humbled at having to make this request but feels it is absolutely necessary in light of the occurrence of the circumstances described above. The undersigned understands that his request will not please the Court, but feels that he must make it in order to ensure that Ms. Hofshulz has any chance at getting adequate representation and a fair trial in this case. The undersigned prays that the Court not hold counsel's decision to request this continuance against Ms. Hofshulz.

WHEREFORE, the undersigned respectfully moves this Court to continue the trial date set for February 18, 2020 to the week of March 30, 2020, or some other week thereafter, which is convenient for the Court.

        Respectfully submitted,

        Lisa Hofschulz
        By:    <u>s/ Beau B. Brindley</u>

LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
312.765.8878