UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: February 14, 2020
JUDGE: Pamela Pepper
CASE NO: 2018-cr-145
CASE NAME: United States of America v. Lisa Hofschulz, *et al.*
NATURE OF HEARING: Final Pretrial Conference to Address Motions *in Limine*
APPEARANCES: Julie Stewart – Attorney for the government
Matthew Jacobs—Attorney for the government
Lousi Manzo—Attorney for the government
Beau Brindley – Attorney for Lisa Hofschulz
Lisa Hofschulz – Defendant
Jonathan Smith – Attorney for Robert Hofschulz
Robert Hofschulz – Defendant
COURTROOM DEPUTY: Kristine Wrobel
TIME: 3:31 p.m. – 4:39 p.m.
HEARING: Trial set for February 18, 2020 at 8:30 a.m.

**AUDIO OF THIS HEARING AT DKT. NO. 82**

The court noted that it had scheduled this hearing at the request of counsel for Ms. Hofschulz because at the original final pretrial conference counsel was not prepared to argue the motions *in limine*. At that prior hearing, the court had required counsel for Ms. Hofschulz was to file his proposed *voir dire* questions, proposed jury instructions and expert witness notices as soon as possible. The court observed that counsel for Ms. Hofschulz had filed *voir dire* questions and proposed jury instructions by February 3, but that yesterday, he also had filed a second motion to adjourn the February 18, 2020 trial.

The court explained that it was not going to grant counsel's most recent motion to adjourn the trial. The court recounted that it had emphasized when denying the prior motion to adjourn the trial that counsel for Ms. Hofschulz had chosen to schedule back-to-back trials, and opined that an experienced trial lawyer such as himself had to know that some might take longer than anticipated. The court sympathized with counsel's exhaustion after back-to-back federal trials but noted that he had three days between now and Tuesday to rest. The court acknowledged that the motion also indicated that Ms. Hofschulz had fallen and injured herself, making it difficult for counsel to work with her to prepare for trial. The court observed, however, that Ms. Hofshulz was in court for today's hearing, and that counsel had provided no medical records indicating that appearing for trial would threaten Ms. Hofshulz's health. The court reminded the parties that it been straight with everyone ever since scheduling the trial for February 18 that the date was firm.

Counsel for Ms. Hofschulz explained that the defendant's medical condition involved more than just a fall. Counsel asserted that only a couple of

1

hours before the hearing, he had learned that the defendant had fallen on February 10, 2020 and had lost consciousness. He represented that she'd been taken to the hospital and found unresponsive; hospital staff had had to intubate her, arguing that this meant that she hadn't been breathing on her own. Counsel told the court that he'd learned that that hospital visit had led to the defendant being diagnosed with an aortic aneurysm, and that she needed to see a cardiologist next week—the week of the trial. Counsel offered to provide the court with the relevant medical records, which he did not have with him in court. The stated that if Ms. Hofshulz wished to leave the hearing to go find the records, it would allow her to do so. Counsel for both defendants indicated that their clients were willing to waive their personal appearances, so they could leave to find the health records. The court dismissed the defendants from the remaining portion of the hearing.

Counsel for the government stated that she had spoken with an AUSA from Louisiana who has a trial with Attorney Brindley starting March 9, 2020; the prosecutor said that this AUSA had advised her that Attorney Brindley had filed a motion to adjourn that trial because of this one, without revealing that he also had asked to adjourn this trail. Counsel argued that Attorney Brindley had a pattern of using last-minute requests for adjournment as a trial tactic. Counsel stated that it was unfortunate that Ms. Hofschulz was experiencing health issues but argued that there was no medical proof that she was incompetent to stand trial. Counsel emphasized that the government's witnesses were ready to go on Tuesday, that some had traveled from long distances to be here and that for some of them, preparation for the trial had been traumatic.

Counsel for Ms. Hofschulz asserted that forcing Ms. Hofschulz to go to trial on Tuesday would pose a health risk, and said that he did not want to put his client in that situation. Counsel asked the court to adjourn the trial until Wednesday, February 19, by which time he said he could obtain the medical records and consult with a cardiologist.

Counsel for Mr. Hofschulz told the court that he had been aware that Ms. Hofshulz had fallen and had lost consciousness. He reminded the court that his client's fate was, in some regards, related to that of Ms. Hofschulz, and stated that he hoped for any outcome that would give Ms. Hofschulz a chance to mount a vigorous defense.

The court indicated the trial would start on Tuesday, February 18, 2020 as scheduled, and that it would not adjourn the trial absent evidence from a doctor showing that it would pose a serious risk to Ms. Hofshulz's health if the trial were to take place on Tuesday.

The court then turned to the motions *in limine*.

The court **GRANTS IN PART AND DEFERS RULING IN PART** on the government's consolidated motions *in limine*. Dkt. No. 70

The court **GRANTS** the government's motion *in limine* to prohibit discussion of potential punishment, including any collateral consequences, defendants face if convicted. Dkt. No. 70, §I.

The court **GRANTS** the government's motion *in limine* to preclude argument and inquiry supporting jury nullification. Dkt. No. 70, §II.

The court **GRANTS** the government's motion *in limine* to preclude any reference to the personal hardship or family hardship the defendants may face because it is irrelevant and prejudicial. Dkt. No. 70, §II(A).

The court **GRANTS** the government's motion *in limine* to preclude any argument or questioning the government's or agents' motivation for investigating or prosecuting the case because it is irrelevant and prejudicial. Dkt. No. 70, §II(B).

The court **DEFERS RULING** on the government's motion *in limine* to preclude any argument related to defendants' lawful conduct because it would be improper. Dkt. No. 70, §II(C).

The court **GRANTS** on the government's motion *in limine* to preclude any arguments that Lisa Hofschulz should be acquitted because F.E. took more than the prescribed dosage. Dkt. No. 70, §II(D). To the extent that the defendant seeks to present evidence regarding whether Ms. Hofschulz had knowledge that F.E. abused controlled substances, the court defers ruling.

The court **GRANTS** the government's motion *in limine* to bar discovery requests or commentary regarding discovery in presence of the jury. Dkt. No. 70, §II(D).

The court **GRANTS** the government's motion *in limine* to bar defendants from defining reasonable doubt. Dkt. No. 70, §IV.

The court **GRANTS** the government's motion *in limine* to admit Wisconsin Prescription Drug Monitoring Program data pursuant to Fed. R. of Evidence 803(A)(ii). Dkt. No. 70, §V.

The court **DEFERS RULING** on the government's motion *in limine* to admit evidence of prescription data outside those specifically charged in the indictment. Dkt. No. 70, §VI.

The court **GRANTS** the government's motion *in limine* to preclude

defendants from calling expert witnesses. Dkt. No. 70, §VII.

Dated in Milwaukee, Wisconsin this 14th day of February, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**