UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

| | |
|---|---|
| DATE: | February 18, 2020 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2018-cr-145 |
| CASE NAME: | United States of America v. Lisa Hofschulz and Robert Hofschulz |
| NATURE OF HEARING: | Trial |
| APPEARANCES: | Julie Stewart – Attorney for the government |
| | Matthew Jacobs – Attorney for the government |
| | Louis Manzo – Attorney for the government |
| | Beau Brindley – Attorney for defendant Lisa Hofschulz |
| | Lisa Hofschulz – Defendant |
| | Jonathan Smith – Attorney for defendant Robert Hofschulz |
| | Robert Hofschulz – Defendant |
| COURT REPORTER: | Tom Malkiewicz |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 8:34 a.m. – 10:04 a.m. |
| HEARING: | Status conference set for February 27, 2020 at 10:30 a.m. |

The noted that the trial for this case was scheduled to begin today. It recounted that at the status conference on Friday, it had denied defendant Lisa Hofschulz's second motion to adjourn, stating that it would not adjourn the trial absent evidence from a doctor showing that it would pose a serious risk to Ms. Hofschulz's health if the trial were to proceed today.

The court explained that yesterday afternoon, counsel for Ms. Hofschulz had filed a motion for a competency evaluation and competency hearing. Counsel had attached a one-page document called an After Visit Summary of the defendant's discharge from Northwestern Memorial Hospital on February 11, 2020. The court noted that this document did not support counsel's claim that Ms. Hofschulz had been diagnosed with an aortic aneurysm. The document indicated that Ms. Hofschulz had a (non-dangerous) heart murmur and that she should follow up with her primary care doctor. The document did not indicate that Ms. Hofschulz's health would be at risk if she proceeded to trial today. The court found it odd that the document would mention a non-dangerous heart murmur but would not mention an aortic aneurysm. The motion alleged that defendant was not competent to assist in the preparation of her case because she was slow to answer some questions and was sleepy. The court emphasized that incompetence or incapacity under 18 U.S.C. §4241 meant something more than being slower than usual or easily fatigued.

The court also acknowledged that last night, Lisa Hofschulz had filed a motion asking the court to reconsider its denial of the motions for continuance or, in the alternative, to allow Attorney Brindley to withdraw as counsel. The court observed that Brindley had stated in the motion that the court's congested calendar was not sufficient justification for denying Ms. Hofschulz

1

the right to her counsel of choice, or to deny a valid motion to adjourn. The court told the parties that, while its congested calendar played a role in its decision to deny the motions to continue, the main reason it had denied the motions was because the court had deep concerns that the defendant was trying to game the system by delaying the trial.

The court referenced the arguments in the motion Attorney Brindley had filed last night, where he had recounted the issues he had with back-to-back lengthy federal trials and how he was physically exhausted. Brindley had attached a document purporting to be from his therapist, indicating that the in the therapist's opinion, Brindley needed a break. The court opined that each motion/filing was more creative and convoluted than the last. The court reiterated that it believed that there was gamesmanship going on. It wondered aloud what Ms. Hofschulz's end game might be—it was not as if the government would forget about this trial if it were delayed long enough.

The prosecutor opposed the motion to continue or, in the alternative, to withdraw as counsel. Counsel agreed that Attorney Brindley had filed the motion as a strategic tactic. Counsel reminded the court that there were victims and witnesses who had relived traumatic experiences in preparing for this trial, and who were re-traumatized with each continuance. Counsel provided her opinion about what Ms. Hofschulz had to gain by delaying the trial—with each delay, it became more likely that the government might lose witnesses, or that the witnesses would be unable to remember things.

As to the motion for a competency evaluation, the prosecutor argued that there was no basis for the court to conclude that the defendant was not competent. Counsel argued that even if Ms. Hofschulz was not as sharp as she was before her fall, there was no proof she had suffered any impairments from the fall that would require the court to continue the trial.

Regarding Brindley's assertion that he wasn't prepared, the prosecutor maintained that while Brindley may not be as prepared as he would like to be, that was not what was required by the Constitution. She contended that there was no case law requiring the court to adjourn the trial because defense counsel would like to be better prepared.

Brindley asked the court not to penalize him or Ms. Hofschulz for the problems the court had encountered with Ms. Hofschulz's prior lawyers. Counsel argued that he was not trying to get out of the trial, but that he needed more time to prepare because of the defendant's health issues and his personal issues. He told the court that he had an ethical obligation to let the court know that he was not prepared and could not try this case today. Brindley told the court that if given the time he needed to prepare—just three weeks or so—he could then put on a case that would be the best he could do

for Ms. Hofschulz. Brindley told the court that if the trial went forward today, the government would get a fair trial, but Ms. Hofschulz would not.

Counsel for Mr. Hofschulz indicated that most of what he had to say was observational and that he had not been involved with any of the motions that Attorney Brindley had filed. Counsel told the court that he didn't know Attorney Brindley, and that even though they had been co-counsel on this case for some time, they'd barely spoken. Counsel wanted the court to know that Mr. Hofschulz was not gaming the system and he was a genuine and sincere person. Counsel acknowledged that Mr. Hofschulz had told him that Ms. Hofschulz had not been the same since her fall; counsel said he'd not communicated with Ms. Hofschultz, and took Attorney Brindley at his word regarding her condition. Counsel told the court, however, that the only person he was concerned about today was his client, Mr. Hofschulz, and he had concerns about going to trial with a co-defendant whose attorney had indicated repeatedly that he was not mentally or emotionally prepared to go to trial. Counsel felt he had no choice but to join Attorney Brindley's motion to continue the trial because of how going forward under these circumstances might affect Mr. Hofschultz.

The court took a brief recess. Upon its return, the court told Ms. Hofschulz that if she wanted to continue with Attorney Brindley as her attorney then the trial would proceed today. If Attorney Brindley was unprepared to proceed to trial today, then the court would allow him to withdraw and Ms. Hofschulz would have to find a new attorney. The court took another break to allow the parties to discuss their options.

Upon resuming court, Attorney Brindley told the court that his client wanted him to continue as her attorney, but that if the court was not willing to adjourn the trial, the ethical rules compelled him to withdraw.

The court allowed Attorney Brindley to withdraw as counsel for Ms. Hofschulz. The court adjourned the trial, conceding the burden on the government and its witnesses (and expressing its regret). The court noted that at Friday's hearing, Attorney Brindley had said he would pay any costs associated with adjourning the trial; the court stated that it would order Attorney Brindley to pay the cost of bringing the *venire* in today.

The court scheduled a status conference for February 27, 2020 at 10:30 a.m. The court stated that it expected Ms. Hofschulz would have her new attorney attend that status conference; if she does not have counsel by the time of the status conference, Ms. Hofschulz must attend and provide the court with information about the steps she has taken to find new counsel.

The prosecutor asked the court to remand Ms. Hofschulz to the Bureau of Prisons to conduct a competency evaluation, to make certain that the competence issue did not come up later as the basis for another motion to adjourn.

Attorney Brindley asserted that Ms. Hofschulz did not have to be remanded into custody to have a competency evaluation.

The court deferred ruling on remand of the defendant until after it reviewed 18 U.S.C. §4241 and the associated caselaw. The court stated, however, that it did not think it had reasonable cause to believe that Ms. Hofschulz was not able to assist with preparation of her defense, and that it did not hear the government saying as much. Rather, the government was asking for the competency evaluation to avoid Ms. Hofschulz using that as an excuse for future motions to continue the trial. The prosecutor verified the court's statements.

Attorney Brindley gave the court a "heads up" that he would be filing a petition for a writ of mandamus with the Seventh Circuit, seeking an order that he be allowed to represent Ms. Hofschulz at any adjourned trial. He asserted that in his view, his ethical inability to represent Ms. Hofschulz was temporary, based on the court's refusal to adjourn the trial.

The court will issue a separate order memorializing its rulings.