UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE: February 27, 2020
JUDGE: Pamela Pepper
CASE NO: 2018-cr-145
CASE NAME: United States of America v. Lisa Hofschulz, *et al.*
NATURE OF HEARING: Status Conference
APPEARANCES: Julie Stewart – Attorney for the government
Luis Manzo – Attorney for the government
Matthew Jacobs – Attorney for the government
Lisa Hofschulz – Defendant
Jonathan Smith – Attorney for Robert Hofschulz
Robert Hofschulz – Defendant
COURTROOM DEPUTY: Christine Bongel
TIME: 10:28 a.m. – 10:49 a.m.
HEARING:

**AUDIO OF THIS HEARING AT DKT. NO. 94**

The court recounted that it had scheduled this hearing after it had granted Lisa Hofschulz's former counsel's motion to withdraw on the morning of trial. The court anticipated that today Lisa Hofschulz would inform the court of her progress in finding successor counsel.

Lisa Hofschulz read a prepared statement, in which she reiterated that Attorney Beau Brindley (counsel who had withdrawn on February 18, 2020) was her counsel of choice and continued to be her counsel of choice. She indicated that "we"—presumably she and Attorney Brindley—had read the court's decision and that they planned to litigate it to the fullest extent. She stated, however, that in the meantime, she was making arrangements to retain Attorney Vadim Glozman. She reported that Attorney Glozman was aware of her Sixth Amendment concerns. Lisa Hofschulz told the court that she needed twenty-one days to make the necessary financial arrangements to finalize her retention of Attorney Glozman.

The court advised the parties that it had reviewed its calendar since the last hearing, and it provided the parties with the dates it had available for a seven- or eight-day trial. Most of the available dates were in the fall—November and December.

The prosecutor first questioned Lisa Hofshulz's need for twenty-one days to hire a new lawyer, and expressed the view that this was yet another delay tactic to push out the trial date and make it harder for the government to prove its case. Counsel asked the court to set a date as soon as possible. She noted that in other cases, the court had spun off trials to other judges when there were conflicts, and wondered if the court might not consider doing this with some of the trials it had scheduled in April and May. She argued that a new attorney shouldn't need much time to get up to speed; the government had provided the defendant with discovery, exhibits and its witness lists. The case, she opined, was ready to try immediately.

Counsel for Robert Hofshulz let the court know that he would be out of town April 3 through April 7, and notified the court of some other possible conflicts.

1

Lisa Hofshulz stated that no one wanted the trial to go forward quickly more than she did and that the experience thus far had been "a little slice of hell."

The court told the parties that it couldn't comment right now on whether it could spin other trials to other judges, noting that the other district court judges in this district also were laboring under heavy case loads and trial dockets, and that it had been reaching out to judges on other courts, including the Seventh Circuit, for help. It stated that it would go back and review its calendar and see what earlier dates it could come up with. Meanwhile, it scheduled a status conference for a date in the next couple of weeks, to stay on top of Lisa Hofschulz's progress in retaining Attorney Glozman.

The court **ORDERS** that the parties must appear for a status conference on March 13, 2020 at 1:30 p.m. Any party wishing to appear by telephone may do so by calling the court's conference line at 888-557-8511 and using the access code 4893665#.

Dated in Milwaukee, Wisconsin this 27th day of February, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**