UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
          Plaintiff,

     v.                                     Case No. 18-CR-145

LISA HOFSCHULZ and
ROBERT HOFSCHULZ,
          Defendants.

## ORDER

Lisa and Robert Hofschulz are charged with conspiracy to unlawfully distribute controlled substances through a pain management clinic they owned and operated. According to the indictment, Lisa, as an advanced practice nurse practitioner, was authorized by the Drug Enforcement Administration (DEA) to prescribe, administer, dispense, and distribute controlled substances. (ECF No. 1, ¶ 1.) As a condition of her release the court barred Lisa from prescribing opioids. (ECF No. 7 at 2.)

The government subsequently moved to amend Lisa's bond conditions. (ECF No. 38.) It asserted that Lisa was prescribing controlled substances (although not opioids) in Florida under her Wisconsin DEA registration. Doing so violated DEA regulations, and Lisa persisted in prescribing controlled substances in Florida despite repeated warnings from the DEA. The court granted the government's motion and amended Lisa's

conditions of release to prohibit her from prescribing controlled substances outside of Wisconsin. (ECF Nos. 40, 41.) The DEA has since suspended her authorization to prescribe drugs in any state. (ECF No. 131 at 2.) Her license to practice in Wisconsin has expired. (ECF No. 131 at 2.)

The government has now moved to further amend the bond conditions of both Lisa and Robert to prohibit them "from controlling, directing, supervising or advising any practitioner regarding the prescription of controlled substances." (ECF No. 131 at 1.) The government asserts that Lisa continues to exercise control over the prescribing of controlled substances at her Wisconsin pain management clinic. Robert has not ever held a medical license, much less authorization to prescribe controlled substances. (ECF No. 131 at 2.) Nonetheless, the government alleges that he has been directing practitioners at the pain management clinic with respect to patient care. (ECF No. 131 at 3.)

The basis for this motion is information obtained from a nurse practitioner who worked for the Hofschulzes's pain management clinic. The nurse practitioner reported that she would occasionally see patients who were primarily under the care of other practitioners at the clinic and sometimes find that these patients were prescribed controlled substances, particularly opioids, at doses she felt were unnecessarily high. She reported that Robert and Lisa required nurse practitioners to maintain these dosages regardless of the nurse practitioner's independent judgment. The government has provided an email from Robert to the nurse practitioner in which he purports to relate

the view of Dr. James Halikas, the clinic's medical director, that the nurse practitioner is to maintain a patient's treatment plan "[f]or the purpose of continuity of care, patient empathy and clinical throughput …." (ECF No. 131-1.) However, Robert adds the caveat, "Of course if there is a change in the patient's status use your clinical judgement accordingly." (ECF No. 131-1.)

Lisa was more direct and without caveat. In a note to the nurse practitioner Lisa stated, "It is unprofessional to change another clinicians [sic] plan." (ECF No. 131-2.) Also framing it as a directive from Dr. Halikas, Lisa instructed the nurse practitioner to "write for exactly what [the other practitioner] has written. … Again – this is <u>not</u> an option. You work for CPC." (ECF No. 131-2 (emphasis in original).) On the same day that Lisa wrote the note, the nurse practitioner had a conversation with Lisa and Dr. Halikas that the nurse practitioner recorded. The court has received and listened to that recording. In it, Lisa frequently interjected her own expectations regarding the nurse practitioner's prescription practices. During the conversation Dr. Halikas seemed to endorse the nurse practitioner's view that she was to exercise her own professional judgment. But, after Dr. Halikas hung up, Lisa continued to insist that, when seeing a patient who was primarily under the care of another professional, the nurse practitioner must continue with whatever treatment plan that professional had prescribed.

Lisa objects to the proposed modification of her conditions of release, characterizing the motion as seeking "to prevent her from exercising her managerial and

administrative role over her staff." (ECF No. 136 at 1.) She contends that "[t]he recording, letter, and interview cited by the government do not suggest that Ms. Hofschulz did anything remotely inappropriate. She gave directives to a subordinate about how a practice was to be run. She did not make treatment decisions." (ECF No. 136 at 1.) She argues that her actions reflect managerial rather than medical judgment. (ECF No. 136 at 2.) She argues, "A person with no medical background whatsoever, who as in charge of running a pain management clinic, could institute a policy that one practitioner not alter another's treatment plans without consulting with them, or without the approval of the medical director." (ECF No. 136 at 2.)

The flaw in Lisa's argument is that she is *not* simply a manager of a pain management clinic. She is a defendant currently under federal indictment for using her pain management clinic to unlawfully distribute large quantities of controlled substances over an extended period of time. In at least one instance her conduct allegedly resulted in the death of a patient. (ECF No. 29, Count Fifteen.) It is in this context that the court must consider Lisa's conduct. And in this context the court finds Lisa's conduct extremely concerning. The government has demonstrated that Lisa demanded that a treating medical professional prescribe controlled substances in an amount in excess of what that professional deemed prudent and appropriate.

The court must impose the least restrictive conditions that will reasonably assure the safety of the community. 18 U.S.C. § 3142(c)(1)(B)(xiv). Given the nature of the

4

allegations against Lisa and the evidence the government presented in support of its motion, restricting Lisa from exercising *any* control over the prescribing practices of the employees of her clinic is a condition reasonably necessary to protect the safety of the community. This condition is minimally restrictive when considered against other options available to protect the community, such as prohibiting her from having any involvement in the operation of the medical practice, home confinement, or detention. Therefore, the court will amend Lisa's conditions of release to prohibit her from controlling, directing, supervising, or advising any practitioner regarding the prescription of controlled substance, whether directly or through an intermediary.

Robert also opposes the government's motion. (ECF No. 139.) He argues that, after more than 30 months on bond, there is no reason to disrupt the status quo given that this case is scheduled to go to trial on March 15, 2021. (ECF No. 139 at 2.) He argues that he manages the business affairs of the clinic and is not involved in patient care. (ECF No. 139 at 2.) He asserts he has not and would not ever suggest what should be prescribed to any particular patient. (ECF No. 139 at 2.) He contends that the email the government provided supports this view; he was merely relaying a message from the clinic's medical director and not providing any independent direction to the nurse practitioner.

But, again, context matters. Robert is under federal indictment for having used the medical practice he manages to distribute large quantities of controlled substances, and he is alleged to have done so despite his lack of a medical license or authorization to

5

legally distribute controlled substances. Given these allegations, his continued involvement in the practice, and Lisa's clearly expressed expectations of the clinic personnel, there is significant reason to be concerned that Robert will use his role as manager to pressure or influence the prescribing habits of his employees. Lisa's note to the nurse practitioner, where she notes that Robert is receiving calls from dissatisfied patients, supports the inference that Robert is or could be involved in the treatment provided to individual patients. One inference is that the patients are expecting Robert to intervene with the treatment provider and see to it they are returned to the prescriptions and dosages that they had been receiving.

It is necessary to reasonably protect the public that Robert also be prohibited from controlling, directing, supervising or advising any practitioner regarding the prescription of controlled substance, either directly or through an intermediary. The court acknowledges that this prohibition may circumscribe what otherwise may be ordinary responsibilities of a lay manager of a pain clinic. But, as with Lisa, this narrowly crafted condition is reasonable and appropriate when considered against more severe sanctions that would accomplish the same goal of protecting the public, such as prohibiting the defendants from having any involvement in the pain management clinic or ordering them detained. Moreover, as Robert emphasizes, this matter is scheduled for trial in roughly one month. The impending trial simply underscores that the imposition on the

defendants is expected to be minimal. And in the event the trial is again adjourned, the continuation of the prohibition remains appropriate to reasonably protect the public.

**IT IS THEREFORE ORDERED** that the government's Motion to Modify Bond Condition (ECF No. 131) is **granted**. As an additional condition of their pretrial release Lisa Hofschulz and Robert Hofschulz are prohibited from "controlling, directing, supervising, or advising any practitioner regarding the prescription of controlled substance, either directly or through an intermediary."

Dated at Milwaukee, Wisconsin this 11th day of February, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge